16-4244-cr
United States v. James

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 9th day of January, two thousand eighteen.

PRESENT: REENA RAGGI,
GERARD E. LYNCH,
RAYMOND J. LOHIER, JR.,
*Circuit Judges.*

------------------------------------------------------------------------

UNITED STATES OF AMERICA,
*Appellee*,

v.                                                                          No. 16-4244-cr

RAYMOND JAMES
*Defendant-Appellant.*

------------------------------------------------------------------------

FOR APPELLANT:                    Inga L. Parsons, Marblehead, Massachusetts.

FOR APPELLEE:                     Andrew M. Thomas, Jordan L. Estes, Karl Metzner, Assistant United States Attorneys, *for* Geoffrey S. Berman, United States Attorney for the Southern District of New York, New York, New York.

Appeal from a judgment of the United States District Court for the Southern District of New York (Alvin K. Hellerstein, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment entered on December 21, 2016, is AFFIRMED.

Defendant Raymond James was convicted based on his guilty plea to being a felon in possession of a firearm. *See* 18 U.S.C. § 922(g)(1). He appeals the resulting 27-month, within-Guidelines prison sentence as substantively unreasonable. We apply "a particularly deferential form of abuse-of-discretion review" to such a challenge. *United States v. Cavera*, 550 F.3d 180, 188 n.5 (2d Cir. 2008) (*en banc*); *accord United States v. Broxmeyer*, 699 F.3d 265, 278 (2d Cir. 2012). In so doing, we assume the parties' familiarity with the facts and record of prior proceedings, which we reference only as necessary to explain our decision to affirm.

In arguing that his sentence is substantively unreasonable, James bears a heavy burden because we will set aside a sentence on that ground "only in exceptional cases" where the challenged sentence cannot be located within the wide range of permissible decisions available to the district court, *United States v. Cavera*, 550 F.3d at 189, that is, where "the sentence imposed was shockingly high, shockingly low, or otherwise unsupportable as a matter of law," *United States v. Rigas*, 583 F.3d 108, 123 (2d Cir. 2009). That is not this case.

While we do not presume that James's 27-month sentence is substantively reasonable simply because it falls within his 24-to-30-month Guidelines range, "we recognize that in the overwhelming majority of cases, a Guidelines sentence will fall comfortably within the broad range of sentences that would be reasonable in the particular

2

circumstances." *United States v. Ryan*, 806 F.3d 691, 695 (2d Cir. 2015) (internal quotation marks omitted). No different conclusion is warranted here. In determining that a 27-month sentence was sufficient but not greater than necessary to serve the statutory objectives of federal sentencing, *see* 18 U.S.C. § 3553(a), the district court considered mitigating factors, including James's prospects for rehabilitation. It also considered, however, James's lengthy criminal history, including his "history of possessing firearms and using them in connection with crimes," concluding that "an appropriate custodial sentence" was necessary to promote "respect for the law," as well as "to deter him" and "to deter others." App'x 55. On this record, we cannot conclude that a within-Guidelines 27-month sentence was outside the "broad range" of sentences available to the district court so as to be considered substantively reasonable. *United States v. Jones*, 531 F.3d 163, 174 (2d Cir. 2008).

In urging otherwise, James faults the district court for acknowledging that incarceration had not successfully deterred him from criminal activity in the past, but nevertheless imposing the 27-month prison term "mainly for the purposes of specific deterrence." Appellant's Br. at 10. The argument that defiant recidivism should somehow mitigate a sentence below the Guidelines range borders on the absurd. In any event, "[t]he particular weight to be afforded aggravating and mitigating factors is a matter firmly committed to the discretion of the sentencing judge," *United States v. Broxmeyer*, 699 F.3d at 289 (internal quotation marks omitted), and thus "we do not consider what weight we would ourselves have given a particular factor," but rather "whether the factor,

as explained by the district court, can bear the weight assigned it under the totality of circumstances in the case," *United States v. Cavera*, 550 F.3d at 191; *see United States v. Perez-Frias*, 636 F.3d 39, 42–43 (2d Cir. 2011) (recognizing "[g]enerally, if the ultimate sentence is reasonable and the sentencing judge did not commit procedural error in imposing that sentence, we will not second guess the weight (or lack thereof) that the judge accorded to a given factor or to a specific argument made pursuant to that factor" (internal quotation marks and alteration omitted)).   In light of the district court's finding here that James "doesn't seem to be affected by the punishments he has incurred in the past," and, in particular, that he "committed his crime while on parole, fresh from jail," App'x 55, we cannot conclude that the district court placed more weight on the need "to protect the public from further crimes of the defendant," 18 U.S.C. § 3553(a)(2)(C), than that sentencing factor can bear under the totality of the circumstances.   In sum, we identify no abuse of discretion in the district court's determination that James's failure to "learn his lesson," App'x 49, and to conform his conduct to the law despite previous terms of incarceration heightened rather than minimized the need for specific deterrence.

We have considered James's other arguments and conclude that they are without merit.   Accordingly, we AFFIRM the judgment of conviction.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court