17-2317-cr
United States v. Kessler

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 21st day of May, two thousand eighteen.

PRESENT: REENA RAGGI,
GERARD E. LYNCH,
*Circuit Judges*,
LEWIS A. KAPLAN,*
*District Judge*.

-----------------------------------------------------------------------
UNITED STATES OF AMERICA,

*Appellee*,

v.                                                                No. 17-2317-cr

ANDREW KESSLER,

*Defendant-Appellant*.

-----------------------------------------------------------------------
FOR APPELLANT:                  Arkady Bukh, Bukh Law Firm, PLLC, Brooklyn, New York.

FOR APPELLEE:                   Dominic Gentile, Daniel B. Tehrani, Assistant United States Attorneys, *for* Geoffrey S. Berman, United States Attorney for the Southern District of New York, New York, New York.

---

* Judge Lewis A. Kaplan, of the United States District Court for the Southern District of New York, sitting by designation.

Appeal from a final judgment of the United States District Court for the Southern District of New York (Kimba M. Wood, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment entered on July 26, 2017, is AFFIRMED.

Defendant Andrew Kessler stands convicted, based on his guilty plea, of theft of government funds, *see* 18 U.S.C. § 641, arising from his fraudulent procurement of $13,961 in unemployment insurance benefits from the New York State Department of Labor while Kessler was, in fact, working as a federal correctional officer. He here appeals the resulting six-month, within-Guidelines prison sentence as procedurally and substantively unreasonable. In reviewing a sentence for reasonableness, we employ "a particularly deferential form of abuse-of-discretion review." *United States v. Cavera*, 550 F.3d 180, 188 n.5 (2d Cir. 2008) (*en banc*). In doing so here, we assume the parties' familiarity with the facts and record of prior proceedings, which we reference only as necessary to explain our decision to affirm.

1.    Procedural Error

A district court commits procedural error where it fails to consider the factors enumerated in 18 U.S.C. § 3553(a), rests its sentence on a clearly erroneous finding of fact, or fails adequately to explain its chosen sentence. *See id.* at 190. Kessler urges us to identify procedural error in the district court's failure (1) to explain its sentence and (2) to consider (a) the need to avoid unwarranted sentence disparities pursuant to 18 U.S.C. § 3553(a)(6), and (b) the cost of incarceration. We need not resolve the parties'

2

dispute over whether a plain error standard of review applies to these challenges because we identify no procedural error at all.

The record refutes Kessler's argument that the district court failed to explain its reasons for imposing a sentence at the top end of the zero-to-six-months' Guidelines range. The district court explained that Kessler's crime was a "serious one" because, for more than a year, he regularly submitted false certifications in which he lied about his employment status. App'x 36. The fact that Kessler perpetrated that fraud while employed as a federal corrections officer and using government computers was, in the district court's view, especially "brazen." *Id.* That was sufficient to explain why the district court thought a sentence at the high end of the Guidelines range was warranted. *See Rita v. United States*, 551 U.S. 338, 356 (2007) ("[W]hen a judge decides simply to apply the Guidelines to a particular case, doing so will not necessarily require lengthy explanation."); *accord United States v. Cavera*, 550 F.3d at 193 (holding that for within-Guidelines sentences, "a brief statement of reasons will generally suffice where the parties have addressed only 'straightforward, conceptually simple arguments' to the sentencing judge" (quoting 551 U.S. at 356)).

Nor can Kessler demonstrate procedural error in the district court's failure to reference the need to avoid sentencing disparities. *See United States v. Villafuerte*, 502 F.3d 204, 210 (2d Cir. 2007) ("[W]e do not insist that the district court . . . discuss every § 3553(a) factor individually."); *United States v. Fernandez*, 443 F.3d 19, 29 (2d Cir. 2006) ("We have imposed no . . . requirement that a sentencing judge *precisely identify* either the factors set forth in § 3553(a) or specific arguments bearing on the

3

implementation of those factors in order to comply with her duty to consider all the § 3553(a) factors." (emphasis in original)), *abrogated on other grounds by Rita v. United States*, 551 U.S. 338.

*United States v. Merced*, 603 F.3d 203 (3d Cir. 2010), relied on by Kessler, is not to the contrary and, in any event, cannot supersede this court's own controlling precedent. In *Merced*, the Third Circuit identified error in the district court's failure to consider the need to avoid unwarranted sentencing disparities "in the face of a colorable argument"—there by the government—"that an outside-the-Guidelines sentence will create a risk of such disparities." *Id.* at 222. Here, Kessler acknowledges that he never raised a disparity concern in the district court, much less argued unwarranted disparity in a within-Guidelines sentence. As this court has observed, "[w]hen an argument is not raised during a sentencing proceeding, the failure of the sentencing judge to address that argument explicitly on the record does not, without more, demonstrate a failure of consideration by the judge." *United States v. Fernandez*, 443 F.3d at 29 (emphasis omitted). Insofar as Kessler argues that he satisfies the requisite "more" identified in *Fernandez* by showing that his sentence is, in fact, unreasonably disparate, we reject that argument in addressing his substantive challenge.

Precedent also defeats Kessler's cost-of-incarceration argument. *See United States v. Park*, 758 F.3d 193, 198 (2d Cir. 2014) (holding that "statute [does not] permit the sentencing court to balance the cost of incarceration against the sentencing goals enumerated in § 3553(a)").

Thus, Kessler fails to show any procedural error in his sentence.

4

2.    Substantive Unreasonableness

In challenging his six-month sentence as substantively unreasonable, Kessler bears a heavy burden because we will set aside a sentence on that ground "only in exceptional cases" where the challenged sentence cannot be located within the wide range of permissible decisions available to the district court, *United States v. Cavera*, 550 F.3d at 189, that is, where "the sentence imposed was shockingly high, shockingly low, or otherwise unsupportable as a matter of law," *United States v. Rigas*, 583 F.3d 108, 123 (2d Cir. 2009).    That is not this case.

While we do not presume that Kessler's sentence is substantively reasonable simply because it falls within his Guidelines range, "we recognize that in the overwhelming majority of cases, a Guidelines sentence will fall comfortably within the broad range of sentences that would be reasonable in the particular circumstances." *United States v. Ryan*, 806 F.3d 691, 695 (2d Cir. 2015) (internal quotation marks omitted).    No different conclusion is warranted here.    The district court carefully considered the various mitigating factors presented by Kessler, including testaments to his character, his law-abiding history, his family situation, and the "stress" he reported experiencing as a correctional officer.    Nevertheless, it determined that these factors were outweighed by the "severity," indeed the "brazen[ness]" of his crime: defrauding a state unemployment program using federal resources while employed as a federal correctional officer.    App'x 36.    On this record, we cannot conclude that a six-month Guidelines sentence falls outside the "broad range" of sentences available to the district

5

court so as to be considered substantively unreasonable. *United States v. Jones*, 531 F.3d 163, 174 (2d Cir. 2008).

In urging otherwise, Kessler asserts unwarranted sentencing disparity, pointing to thirteen defendants in the Southern District of New York who were sentenced more leniently than he following § 641 convictions. The argument fails because none of the comparators presented the aggravating factor of particular concern to the district court here: a federal employee charged with upholding the law using government property repeatedly to violate the law. *See United States v. Fernandez*, 443 F.3d at 32 (rejecting disparity challenge where there was no showing that defendants were "similarly situated"); *see also United States v. Coppola*, 671 F.3d 220, 254 (2d Cir. 2012) (holding that even though defendant and his comparators were "convicted for racketeering and other crimes related to the Gambino family's control over parts of the New York waterfront, that is not enough by itself to compel a conclusion that they were similarly situated . . . in the many respects that can inform a sentence"). Thus, Kessler's disparity challenge fails.

Nor can Kessler fault the weight assigned to various mitigating factors to establish the substantive unreasonableness of his sentence. The record shows that the district court considered these factors, but deemed them outweighed by the seriousness of the crime and the identified aggravating circumstances. Where, as here, "the ultimate sentence is reasonable and the sentencing judge did not commit procedural error in imposing that sentence, we will not second guess the weight (or lack thereof) that the judge accorded to a given factor or to a specific argument made pursuant to that factor."

6

*See United States v. Perez-Frias*, 636 F.3d 39, 42–43 (2d Cir. 2011) (internal quotation marks omitted); *see United States v. Coppola*, 671 F.3d at 254 (holding that defendant "may disagree with how the court weighed the seriousness of his criminal conduct as against [mitigating factors], but he can hardly show that his criminal conduct was not sufficiently severe to bear the weight assigned it under the totality of the circumstances").

Thus, Kessler fails to show that his six-month sentence is substantively unreasonable.

We have considered Kessler's remaining arguments and conclude that they are without merit. Accordingly, the judgment of conviction is AFFIRMED.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court