16-3624-cr
United States v. Whitworth

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 30th day of August, two thousand eighteen.

PRESENT:    PETER W. HALL,
            RAYMOND J. LOHIER, JR.,
                        *Circuit Judges,*
            JANE A. RESTANI,
                        *Judge.*\*

------------------------------------------------------------------------
UNITED STATES OF AMERICA,

         *Appellee,*

      v.                                                  No. 16-3624-cr

DAVID WHITWORTH AKA LOGAN CHRISTOPHER,

         *Defendant-Appellant.*

------------------------------------------------------------------------

FOR APPELLANT:                      HERBERT L. GREENMAN, Lipsitz Green Scime
                                    Cambria LLP, Buffalo, New York.

FOR APPELLEE:                       MARY C. BAUMGARTEN, Assistant United States
                                    Attorney, of Counsel, *for* James P. Kennedy, Jr., United
                                    States Attorney for the Western District of New York,
                                    Buffalo, New York.

---

\* Judge Jane A. Restani, of the United States Court of International Trade, sitting by designation.

Appeal from a judgment of the United States District Court for the Western District of New York (Skretny, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED.**

Defendant-Appellant David Whitworth ("Whitworth") pled guilty, without the benefit of a plea agreement, to ten counts of production of child pornography, in violation of 18 U.S.C. § 2251(a), and one count of receipt of child pornography, in violation of 18 U.S.C. § 2252(A)(a)(2)(A). Roughly two and a half years after the plea was entered, and just under a month before the sentencing proceeding, Whitworth entered into a stipulation with the government whereby the parties agreed that if the district court imposed a sentence between 292 and 365 months, both parties waived their right to appeal the sentence ("the stipulation"). The district court sentenced Whitworth to 25 years' (300 months') imprisonment.

We assume the parties' familiarity with the facts, record of prior proceedings, and arguments on appeal, which we reference only as necessary to explain our decision to affirm.

Prior to accepting Whitworth's plea the district court told Whitworth at the Rule 11 proceedings "[i]f you plead guilty rather than go to trial, there will be a right of appeal . . . ." J. App'x at 146. After accepting Whitworth's plea, the district court stated "[y]ou probably still have the right to take an appeal, but your guilty plea remains." *Id.* at 150.

The stipulation waiving appeal having been entered between the time of the Rule 11 proceeding and sentencing, the district court asked Whitworth at sentencing if he understood that "upon acceptance of the stipulation" there was "a waiver of the right to appeal . . ." J. App'x at 191. Whitworth responded "[y]es, Your Honor." *Id.* The court proceeded: "[a]nd

2

when you signed this stipulation, you were fully advised; is that correct?" *Id.* Whitworth again responded "[y]es, Your Honor." *Id.* at 192. When asked by the district court whether he had "made the stipulation and the signature evidencing [his] participation in this stipulation freely and without force, violence or intimidation," Whitworth again responded "[y]es." *Id.* Whitworth's attorney stated that he had "reviewed the stipulation verbatim with [Whitworth]." *Id.* The district court then went on to identify and discuss the various aggravating and mitigating factors bearing on the possible sentence and concluded that a sentence within the stipulated range "would be sufficient and not greater than necessary." *Id.* at 196.

Although appeal waivers "are presumptively enforceable[,]" *United States v. Arevalo*, 628 F.3d 93, 98 (2d Cir. 2010) (citing *United States v. Gomez-Perez*, 215 F.3d 315, 319 (2d Cir. 2000)), given that the district court had previously advised Whitworth of his right to appeal if he pled guilty, it would have been preferable, when later accepting the appeal waiver, for the court to have explicitly discussed with Whitworth that, despite what the court had said at the time it accepted his plea, Whitworth had subsequently stipulated to give up *any* right to appeal. That said, we do not decide whether Whitworth knowingly and voluntarily waived his right to appeal because we conclude that his arguments fail on the merits.

On the merits, Whitworth challenges the procedural and substantive reasonableness of his sentence. We review sentences for reasonableness, *United States v. Cossey,* 632 F.3d 82, 86 (2d Cir. 2011) (per curiam), which "amounts to review for abuse of discretion," *United States v. Cavera,* 550 F.3d 180, 187 (2d Cir. 2008) (en banc).

In determining whether a sentence imposed by the district court is procedurally reasonable,

we ask whether the district court failed to calculate the Guidelines range, made a mistake in such a calculation, treated the Guidelines as mandatory, or "fail[ed] adequately to explain its chosen sentence." *Cavera*, 550 F.3d at 190. A district court must, accordingly, "satisfy us that it has considered the parties' arguments and that it has a reasoned basis for exercising its own legal decisionmaking authority." *Id.* at 193 (quotation marks and brackets omitted). Whitworth has failed to demonstrate any error in the district court's procedure at sentencing, and we see none.

In determining whether a sentence imposed by the district court is substantively reasonable, we are deferential, and we do not ask whether we would assign the same weight to a § 3553(a) factor as the district court, but rather whether the factors considered "can bear the weight assigned to [each] under the totality of circumstances in the case." *Id.* at 191. "The particular weight to be afforded aggravating and mitigating factors is a matter firmly committed to the discretion of the sentencing judge." *United States v. Broxmeyer*, 699 F.3d 265, 289 (2d Cir. 2012). "[W]e will set aside a district court's substantive determination only in exceptional cases where the trial court's decision cannot be located within the range of permissible decisions." *United States v. Ryan*, 806 F.3d 691, 695 (2d Cir. 2015) (quotation marks omitted) (quoting *United States v. Wagner-Dano*, 679 F.3d 83, 95 (2d Cir. 2012)). Whitworth's sentence, which was explained at some length by the trial court, falls within the permissible range of decisions.

We have considered all Whitworth's arguments and conclude that they are without merit. Accordingly, we **AFFIRM** the judgment of the district court.

4

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court