11-4479-cr
*United States v. Ryan*

# In the
# United States Court of Appeals
## for the Second Circuit

AUGUST TERM 2015
No. 11-4479-cr

UNITED STATES OF AMERICA,
*Appellee*,

v.

MATTHEW JOHN RYAN,
*Defendant-Appellant*.

On Appeal from the United States District Court
for the Northern District of New York

SUBMITTED: OCTOBER 23, 2015
DECIDED: NOVEMBER 25, 2015

Before: KEARSE, WALKER, and CABRANES, *Circuit Judges*.

On appeal from an October 12, 2011 judgment of the United States District Court for the Northern District of New York (Norman A. Mordue, *Judge*) sentencing defendant-appellant Matthew John

Ryan principally to a term of imprisonment of 121 months, Ryan challenges the District Court's calculation of the number of victims of his crime and the substantive reasonableness of his sentence. We conclude that there was no error, as the District Court properly counted each married couple jointly holding investments as two individual "victims" within the meaning of that term as used in Section 2B1.1(b)(2) of the United States Sentencing Guidelines, and the sentence was not substantively unreasonable under the circumstances. We therefore **AFFIRM**; but the cause is **REMANDED** to the District Court for the sole purpose of making ministerial corrections to the first page of the amended judgment by deleting the reference to 18 U.S.C. § 1341 and changing "78(j)(b); (ff)" to "78j(b); 78ff."

Ransom Reynolds, Steven D. Clymer, Assistant United States Attorneys, *for* Richard S. Hartunian, United States Attorney for the Northern District of New York, Syracuse, NY, for *Appellee.*

David J. Taffany, Anderson, Moschetti & Taffany, PLLC, Latham, NY, for *Defendant-Appellant.*

JOSÉ A. CABRANES, *Circuit Judge*:

Defendant-appellant Matthew John Ryan ("Ryan") has appealed from an October 12, 2011 judgment of the District Court sentencing him principally to a term of imprisonment of 121 months following his February 22, 2011 guilty plea to one count of securities fraud in violation of 15 U.S.C. §§ 78j(b) and 78ff, 17 C.F.R. § 240.10b-5, and 18 U.S.C. § 2. The District Court incorporated that punishment into an amended judgment, dated March 3, 2015, and entered May 1, 2015 (the "May 1, 2015 amended judgment"), from which Ryan has not filed a second notice of appeal. Because we held his original appeal in abeyance pending completion of the restitution proceedings that resulted in the amended judgment,[1] and because the amended judgment supersedes the original judgment, we treat Ryan's appeal as a challenge to so much of the amended judgment as sentenced him to 121 months' imprisonment.[2]

---

[1] The original judgment was a final judgment, despite the fact that the District Court did not enter a restitution order until it entered the amended judgment on May 1, 2015. *See Gonzalez v. United States*, 792 F.3d 232, 237 (2d Cir. 2015) (holding that a defendant has "two opportunities to appeal: from an initial sentence, even if some aspects of the sentence are not final; and from the final order disposing of the case in the district court"). Accordingly, this Court has had jurisdiction since October 2011, when Ryan timely filed a notice of appeal of the original judgment.

[2] The amended judgment (like the original judgment) contains two errors that the District Court should correct. First, although the amended judgment correctly identifies the offense to which Ryan pleaded guilty as "Securities Fraud," it incorrectly identifies 18 U.S.C. § 1341 as one of the operative statutes. *See* Amended Judgment at 1, *United States v. Ryan*, No. 10-CR-319 (NAM)

Ryan raises two arguments on appeal. First, he argues that the District Court erred in determining that his offense involved 50 or more victims. Second, he argues that his sentence was substantively unreasonable. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We begin with Ryan's first argument. "[A] trial judge in the federal judicial system generally has wide discretion in determining what sentence to impose." *United States v. Tucker*, 404 U.S. 443, 446 (1972); *see also United States v. Corsey*, 723 F.3d 366, 374 (2d Cir. 2013) (noting that district courts enjoy "broad discretion" in sentencing "because they are [ ] better positioned institutionally to determine the appropriate sentence in a particular case"). "[B]efore making that determination, a judge may appropriately conduct an inquiry broad in scope, largely unlimited either as to the kind of information he may consider, or the source from which it may come." *Tucker*, 404 U.S. at 446; *accord Alleyne v. United States*, 133 S. Ct. 2151, 2163 n.6 (2013) (same); U.S. Sentencing Guidelines Manual § 6A1.3(a) (U.S. Sentencing Comm'n 2010) ("2010 Guidelines") ("In resolving any dispute concerning a factor important to the sentencing

---

(N.D.N.Y. May 1, 2015), ECF No. 72 ("Amended Judgment"). Ryan was charged in the indictment with several counts of mail fraud under Section 1341, *see* A-18–19, but those counts were dismissed pursuant to his plea agreement, *see* A-32, A-114. Second, the amended judgment refers to "15 U.S.C. §§ 78(j)(b); (ff)," which should instead read "15 U.S.C. §§ 78j(b); 78ff." *See* Amended Judgment at 1.

4

determination, the court may consider relevant information without regard to its admissibility under the rules of evidence applicable at trial, provided that the information has sufficient indicia of reliability to support its probable accuracy."). Additionally, at sentencing, "the district court may make credibility determinations which this Court will not disturb unless clearly erroneous." *United States v. McLean*, 287 F.3d 127, 133 (2d Cir. 2002) (internal quotation marks omitted); *see also United States v. Guang*, 511 F.3d 110, 123 (2d Cir. 2007) ("We give strong deference to findings based on credibility determinations.").

At the time of Ryan's sentencing, Section 2B1.1(b)(2)(B) of the United States Sentencing Guidelines (the "Guidelines") provided that, "[i]f the [defendant's] offense . . . involved 50 or more victims, [the offense level should be] increase[d] by 4 levels." 2010 Guidelines § 2B1.1(b)(2)(B); *see also United States v. Lacey*, 699 F.3d 710, 714 (2d Cir. 2012); *United States v. Gonzalez*, 647 F.3d 41, 61 (2d Cir. 2011).[3] The Guidelines define "victim" in pertinent part as "any person who sustained any part of the actual loss," and "person" as "includ[ing] individuals, corporations, companies, associations,

---

[3] Effective November 1, 2015, Section 2B1.1(b)(2)(B) was amended to set new thresholds for offense-level increases according to the number of and extent of harm caused to victims. But this amendment does not affect our analysis here, because "[g]enerally, sentencing courts are required to apply the Guidelines Manual in effect on the date that the defendant is sentenced." *United States v. Brooks*, 732 F.3d 148, 149 (2d Cir. 2013) (citing 18 U.S.C. § 3553(a)(4)(A)(ii)); 2010 Guidelines § 1B1.11(a)).

firms, partnerships, societies, and joint stock companies." 2010 Guidelines § 2B1.1 cmt. n.1.

"The question of whether a given individual is a victim within the meaning of [Section] 2B1.1(b)(2) . . . is an issue of law," which we review *de novo*, and "[t]he number of persons or entities who are victims within the meaning of . . . [Section] 2B1.1(b)(2) is a question of fact. A district court's factual findings at sentencing need be supported only by a preponderance of the evidence, and such findings may be overturned only if they are clearly erroneous." *Gonzalez*, 647 F.3d at 62 (alterations, citations, and internal quotation marks omitted).

Upon review of the record and relevant law, we are convinced that the District Court did not err, much less clearly err, in determining that Ryan's offense involved 50 or more victims. In making this determination, the District Court relied on a "restitution list" prepared by the United States Attorney's Office for the Northern District of New York. A-95. The restitution list was based on a report from the Securities and Exchange Commission, responses to questionnaires that the Federal Bureau of Investigation ("FBI") sent to investors potentially harmed by Ryan's fraud, and interviews of those investors conducted by an FBI agent. A-88–90. It therefore "ha[d] sufficient indicia of reliability to support its probable accuracy." 2010 Guidelines § 6A1.3(a).

The restitution list included the names of more than 50 victims. *See* GA-4–7. Some of these victims were the spouses of other

victims, which prompted a colloquy between the District Court and the government. *See* A-90–91 ("[T]here are many instances you had spouses that had invested. In those cases you would have two victims, not just one victim. And so based on that . . ., we calculated that it would be more than 50 victims."). But this fact does not alter our conclusion, as we agree with the Seventh Circuit that "it [is] proper for [a] district court to count a married couple holding investments jointly as two individual victims for the purposes of applying the section 2B1.1(b)(2) sentence enhancement." *United States v. Harris*, 718 F.3d 698, 703 (7th Cir. 2013); *see also United States v. Densmore*, 210 F. App'x 965, 971 (11th Cir. 2006) (non-precedential but persuasive unpublished opinion) [4] ("[B]oth [a] husband and [a] wife are victims under § 2B1.1(b)(2) when jointly held money is taken . . . ."). As the commentary to Section 2B1.1 makes clear, "*any person* who sustained *any part* of the actual loss" is a "victim." 2010 Guidelines § 2B1.1 cmt. n.1 (emphasis supplied). Thus, the District Court properly counted each married couple jointly holding

---

[4] *See* Fed. R. App. P. 32.1 advisory committee's note to 2006 adoption ("The citation of unpublished opinions issued before January 1, 2007, will continue to be governed by the local rules of the circuits."). *Compare* 11th Cir. R. 36-2 ("Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority."), *with* 2d Cir. R. 32.1.1(b) ("[A] party may not cite a summary order of this court issued prior to January 1, 2007, except: (A) in a subsequent stage of a case in which the summary order has been entered, in a related case, or in any case for purposes of estoppel or res judicata; or (B) when a party cites the summary order as subsequent history for another opinion that it appropriately cites.").

investments as two individual "victims" within the meaning of that term as used in Section 2B1.1(b)(2).

Further, we find no error in the District Court's rejection of Ryan's claim that "there were only 31 or 32 victims" on the ground that "the list he submitted with his sentencing memorandum [was] based on his personal recollection and [was] unsubstantiated." A-95. It is clear that the District Court declined to credit Ryan's assertion, a decision that is entitled to substantial deference. *See, e.g.*, *United States v. Norman*, 776 F.3d 67, 78 (2d Cir. 2015). Accordingly, we affirm the District Court's determination that Ryan's offense involved 50 or more victims.

With respect to Ryan's second argument—that his sentence was substantively unreasonable—"[w]e will set aside a district court's substantive determination only in exceptional cases where the trial court's decision cannot be located within the range of permissible decisions." *United States v. Wagner-Dano*, 679 F.3d 83, 95 (2d Cir. 2012) (alterations and internal quotation marks omitted). Further, "[w]hile we have declined to adopt a *per se* rule, we recognize that in the overwhelming majority of cases, a Guidelines sentence will fall comfortably within the broad range of sentences that would be reasonable in the particular circumstances." *United States v. Ingram*, 721 F.3d 35, 37 (2d Cir. 2013) (alteration and internal quotation marks omitted).

Here, Ryan's sentence fell within the Guidelines range, A-111–12, and we see nothing in the record to suggest that this is "one of

8

those exceptional cases in which the imposition of a within-Guidelines sentence is substantively unreasonable," *United States v. Chu*, 714 F.3d 742, 748 (2d Cir. 2013) (internal quotation marks omitted). We therefore also affirm the District Court's substantive determination.

## CONCLUSION

We have considered all of Ryan's arguments on appeal and have found them to be without merit. The May 1, 2015 amended judgment of the District Court is therefore **AFFIRMED**; but the cause is **REMANDED** to the District Court for the sole purpose of making ministerial corrections to the first page of the amended judgment by deleting the reference to 18 U.S.C. § 1341 and changing "78(j)(b); (ff)" to "78j(b); 78ff."