US v. Muir

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND  THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 9th day of February, two thousand eighteen.

Present:        ROSEMARY S. POOLER,
                ROBERT D. SACK,
                                *Circuit Judges.*
                PAUL A. ENGELMAYER,[1]
                                *District Judge.*

---

UNITED STATES OF AMERICA,

                        *Appellee*,

                v.                                          17-150

PHILLIP MUIR, AKA Zeeks,

                        *Defendant-Appellant.*

---

Appearing for Appellant:    Karloff Cylton Commissiong, Adams & Commissiong LLP, New York, N.Y.

Appearing for Appellee:     Robert Allen, Assistant United States Attorney (Diane Gujarati, Assistant United States Attorney, *on the brief*), *for* Geoffrey S.

---

[1] Judge Paul A. Engelmayer, United States District Court for the Southern District of New York, sitting by designation.

Berman, Interim United States Attorney, Southern District of New York, New York, N.Y.

Appeal from the United States District Court for the Southern District of New York (Berman, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED**.

Appellant Phillip Muir appeals from the January 9, 2017 judgment of the United States District Court for the Southern District of New York (Berman, *J.*), sentencing Muir principally to 200 months in prison for offenses related to firearms and drug trafficking. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

Muir argues that the district court's use of uncharged and acquitted conduct at sentencing violated the Due Process and Double Jeopardy Clauses of the Fifth Amendment, and the Sixth Amendment's guarantee of trial by jury. We have previously rejected these same arguments. *See United States v. Vaughn*, 430 F.3d 518, 527 (2d Cir. 2005) ("[D]istrict courts may find facts relevant to sentencing by a preponderance of the evidence, even where the jury acquitted the defendant of that conduct, as long as the judge does not impose (1) a sentence in the belief that the Guidelines are mandatory, (2) a sentence that exceeds the statutory maximum authorized by the jury verdict, or (3) a mandatory minimum sentence under [the applicable statute] not authorized by the verdict."); *see also United States v. Ulbricht*, 858 F.3d 71, 128 (2d Cir. 2017) ("A district court may consider as part of its sentencing determination uncharged conduct proven by a preponderance of the evidence as long as that conduct does not increase either the statutory minimum or maximum available punishment."). Though these questions continue to raise some constitutional controversy, *see, e.g.*, *United States v. Lasley*, 832 F.3d 910, 921 (8th Cir. 2016), *cert. denied*, 137 S. Ct. 823 (2017) (Bright, *J.*, dissenting) (collecting cases), they are squarely settled by our previous decisions. Accordingly, Muir's arguments are foreclosed by circuit precedent.

Muir also argues that the use of acquitted conduct violates principles of collateral estoppel. However, this argument is derivative of the Fifth Amendment Double Jeopardy argument. *See Dowling v. United States*, 493 U.S. 342, 347 (1990) ("[T]he Double Jeopardy Clause incorporates the doctrine of collateral estoppel."). Given the higher burden of proof at trial than at sentencing, collateral estoppel does not bar the use of acquitted conduct in sentencing. *See Cobb v. Pozzi*, 363 F.3d 89, 114 (2d Cir. 2004) ("[A] difference in the burdens of proof in two proceedings can make the application of collateral estoppel improper … A litigant's failure to meet a higher burden of proof on an issue in a prior proceeding does not bar him from raising the same issue in a subsequent proceeding in which his burden will be lighter.") (quoting *Purdy v. Zeldes*, 337 F.3d 253, 259 (2d Cir. 2003)) (internal quotation marks omitted).

Muir further argues that the district court erred by finding that the government had proved the uncharged or acquitted conduct by a preponderance of the evidence. "A district court's factual findings at sentencing need be supported only by a preponderance of the evidence, and such findings may be overturned only if they are clearly erroneous." *United States*

*v. Ryan*, 806 F.3d 691, 694 (2d Cir. 2015) (quoting *United States v. Gonzalez*, 647 F.3d 41, 62 (2d Cir. 2011)).

Muir attacks the credibility of several witnesses, largely by asserting that they provided self-serving or illogical testimony. However, given that "assessing the credibility of witnesses is distinctly the province of the district court," and that a court's "factual findings based on the testimony of witnesses [are] entitled to special deference," we see no basis for upsetting the district court's factual findings on appeal. *United States v. Beverly*, 5 F.3d 633, 642 (2d Cir. 1993).

We have considered the remainder of Muir's arguments and find them to be without merit. Accordingly, the order of the district court hereby is AFFIRMED. Each side to bear its own costs.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3