17-1510-cr
United States v. Moore

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 26th day of February, two thousand eighteen.

PRESENT:   JOHN M. WALKER, JR.,
           PETER W. HALL,
           RAYMOND J. LOHIER, JR.,

                    *Circuit Judges.*
------------------------------------------------------------------------
UNITED STATES OF AMERICA,

                    *Appellee*,

             v.                                    No. 17-1510-cr

KEVIN MOORE, SR.,

                    *Defendant-Appellant*.

------------------------------------------------------------------------
FOR APPELLANT:              Lisa A. Peebles, Federal Public Defender, Melissa A. Tuohey, Assistant Federal Public Defender, Office of the Federal Public Defender, Syracuse, New York.

FOR APPELLEE:               Rajit S. Dosanjh, Assistant United States Attorney, *for* Grant C. Jaquith, Interim United States Attorney for the Northern District of New York, Syracuse, New York.

1

Appeal from a judgment of the United States District Court for the Northern District of New York (Brenda K. Sannes, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the district court is AFFIRMED.

Defendant Kevin Moore, Sr., who is presently serving a 78-month prison term for bank robbery, in violation of 18 U.S.C. § 2113(a), appeals from a judgment of conviction. Moore argues that the 78 months' imprisonment imposed is substantively unreasonable because the district court did not account for all of the 18 U.S.C. § 3553(a) factors and placed too much weight on his criminal history. We assume the parties' familiarity with the facts and record of prior proceedings, which we reference only as necessary to explain our decision to affirm.

Our review of sentences for substantive reasonableness "amounts to review for abuse of discretion." *United States v. Cavera,* 550 F.3d 180, 187 (2d Cir. 2008) (en banc). In determining whether a sentence imposed by the district court is substantively reasonable, we are deferential and do not ask whether we would assign the same weight to a factor the district court did, but rather whether that factor "can bear the weight assigned it under the totality of circumstances in the case." *Id.* at 191. And "we will set aside a district court's substantive determination only in exceptional cases where the trial court's decision cannot be located within the range of permissible decisions." *United States v. Ryan*, 806 F.3d 691, 695 (2d Cir. 2015) (alteration omitted) (quoting *United States v. Wagner-Dano*, 679 F.3d 83, 95 (2d Cir. 2012)). "[W]hile we have declined to adopt a *per se* rule, we recognize that in the overwhelming majority of cases, a Guidelines sentence will fall comfortably within the broad range of sentences that would be reasonable in the particular circumstances." *Ryan*, 806 F.3d at 695 (quoting *United States v. Ingram*, 721 F.3d 35, 37 (2d Cir. 2013)).

Moore's challenge to his 78-month sentence as substantively unreasonable fails. The term of imprisonment imposed was within the *undisputed* calculated Guidelines range. The record is clear that the district court considered the factors set forth in 18 U.S.C. § 3553(a), including the abuse Moore suffered as a child, his substance abuse, his mental health, the fact he was "motivated for substance abuse treatment, and motivated to learn coping skills"; and the fact that he did once go "about two years without any criminal arrest." Appendix at 68. But the district court also took into account Moore's multiple "convictions for robbery, burglary, and . . . acts of violence" and "the need to protect the public from further crimes by [Moore]." Appendix at 68. Moore's criminal history in fact placed him in the highest criminal history category in the relevant Presentence Report, the accuracy of which is undisputed by the parties.

The district court understood the need "to impose a sentence that's sufficient but not greater than necessary to comply with" the purposes of 18 U.S.C. § 3553(a). Appendix at 68. The 78-month sentence was well within its discretion.

We have considered all of Moore's remaining arguments and conclude that they are without merit. Accordingly, we AFFIRM the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

3