17-3031-cr (L)
*United States v. Delima*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 17th day of October, two thousand eighteen.

PRESENT:     JOSÉ A. CABRANES,
              ROBERT D. SACK,
              BARRINGTON D. PARKER,
                    *Circuit Judges.*

---

UNITED STATES OF AMERICA,

           *Appellee,*                       17-3031-cr (L), 17-3051-cr (Con),
                                        17-3061-cr (Con), 17-3123-cr (Con)

           v.

GARY DELIMA, AKA G, AKA GREG, AKA JEFF,
AKA SHAWN BLACK; and SHARIF CARGO, AKA JEFF,
AKA REEF,

           *Defendants-Appellants.*<sup>*</sup>

---

**FOR DEFENDANT-APPELLANT Delima:**    DAVID J. WILLIAMS, Jarvis, McArthur & Williams, LLC, Burlington, VT.

**FOR DEFENDANT-APPELLANT Cargo:**    Thomas J. Sherrer, THOMAS SHERRER PLLC, Burlington, VT.

**FOR APPELLEE:**    JOHN BOSCIA, Assistant United States Attorney (Gregory L. Waples and

---

<sub>*</sub> The Clerk of Court is directed to amend the caption to read as shown above.

1

Jonathan A. Ophardt, Assistant United States Attorneys, *on the brief*), *for* Christine E. Nolan, United States Attorney for the District of Vermont, Burlington, VT.

Appeal from a September 25, 2017 judgment of the United States District Court for the District of Vermont (Christine Reiss, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court be and hereby is **AFFIRMED**.

Defendants-Appellants Gary Delima, a/k/a G, a/k/a Greg, a/k/a Jeff, a/k/a Shawn Black ("Delima") and Sharif Cargo, a/k/a/ Jeff, a/k/a Reef ("Cargo") appeal the District Court's judgment entered on September 25, 2017. Delima and Cargo pleaded guilty to one count of conspiracy to distribute 100 grams or more of heroin and 28 grams or more of cocaine base, in violation of 21 U.S.C. § 846; and one count of conspiracy to commit access device fraud, in violation of 18 U.S.C. § 1029. The District Court sentenced Delima to 156 months' imprisonment on the drug conspiracy count and 63 months' imprisonment on the conspiracy to commit access device fraud count, the terms to run concurrently. The District Court sentenced Cargo to 132 months' imprisonment on the drug conspiracy count and 57 months' imprisonment on the conspiracy to commit access device fraud count, the terms to run concurrently. Both Delima and Cargo argue that the District Court's imposition of an enhancement for possession of a dangerous weapon pursuant to U.S.S.G. § 2D1.1(b)(1) was erroneous because it (1) violated their due process rights and (2) was not supported by sufficient evidence. We assume the parties' familiarity with the remaining underlying facts, procedural history of the case, and issues on appeal.

1. **Due Process**

Cargo and Delima argue that the District Court violated their due process rights by relying on evidence contained in the presentence report ("PSR") not cited by the government in its sentencing memorandum or oral presentation at sentencing. They contend that because the government has the burden to prove the applicability of a sentencing enhancement, the District Court may only look to those portions of the PSR specifically cited by the government to support the imposition of an enhancement.

We disagree and conclude that the District Court did not violate Cargo or Delima's due process rights by relying on evidence in the PSR other than the evidence cited by the government in its sentencing memorandum or oral presentation. "[I]t has long been established that the Due Process Clause does not restrict a court with respect to the type of information it may consider for purposes of sentencing." *United States v. Delacruz,* 862 F.3d 163, 175 (2d Cir. 2017). A district judge is "largely unlimited either as to the kind of information he may consider, or the source from which it

2

may come." *United States v. Ryan*, 806 F.3d 691, 693 (2d Cir. 2015) (internal citation omitted); *see also* 18 U.S.C. § 3661 ("No limitation shall be placed on the information concerning the [defendant's] background, character, and conduct . . . which a court . . . may receive and consider for the purpose of imposing an appropriate sentence.").

The district court acted properly by reviewing the PSR, considering defendants' various objections to the PSR, and adopting the PSR's factual findings. Moreover, the bulk of the evidence that the district judge relied on in imposing the dangerous weapon enhancement was not disputed by defendants. There is no merit to the argument that a district court may only consider those portions of the PSR specifically cited by the government. Accordingly, we conclude that the district court did not violate defendants' due process rights by relying on evidence contained in the PSR to impose the dangerous weapon enhancement.

2. **Sufficiency of the Evidence**

Cargo and Delima further argue that the District Court erroneously applied a two-level enhancement to their offense levels under U.S.S.G. § 2D1.1(b)(1) for possession of a dangerous weapon in connection with a drug trafficking offense because there was insufficient evidence to support the enhancement. We review a district court's imposition of a sentencing enhancement under § 2D1.1(b)(1) for clear error. *United States v. Batista*, 684 F.3d 333, 343 (2d Cir. 2012).

In order to impose an enhancement under § 2D1.1(b)(1), a district court need not find that the defendant "had personal possession, or even actual knowledge of the weapon's presence; the enhancement is required so long as the possession of the firearm was reasonably foreseeable to the defendant." *Id.* (quoting *United States v. Giraldo*, 80 F.3d 667, 677 (2d Cir. 1996)). "Accordingly, if one member of a narcotics conspiracy possessed a firearm in furtherance of the conspiracy, the other members of the conspiracy who reasonably could have foreseen such possession are chargeable with possession under § 2D1.1(b)(1)." *Id.*

Cargo and Delima argue that the imposition of a sentencing enhancement for possession of a dangerous weapon was erroneous because the evidence that the government specifically cited in its brief and oral presentation was insufficient to support the enhancement. But, as stated above, the District Court properly considered all of the evidence in the PSR to conclude by a preponderance of the evidence that many members of the conspiracy possessed firearms in furtherance of the conspiracy and that such possession was reasonably foreseeable to both Cargo and Delima. Such evidence included the presence of a nine-millimeter cartridge in Delima's car, texts from Delima's phone in which the texter sought to purchase firearms, the presence of a firearm in co-conspirator Sherri Loso's residence, testimony regarding Cargo's involvement in a potential gun transaction, and statements from witnesses who identified and observed many members of the conspiracy carrying firearms. Many of the factual findings from the PSR relied on by the District Court were not objected to by defendants. Furthermore, the district judge found in this case that Delima and Cargo

3

worked hand in hand and "micromanaged this conspiracy" such that it was reasonably foreseeable to them that members of the conspiracy carried firearms in furtherance of the conspiracy. J.A. 177. In light of this extensive evidence, we conclude that the District Court did not err, much less clearly err, in imposing the dangerous weapon enhancement.

## CONCLUSION

We have reviewed all of the arguments raised by Cargo and Delima on appeal and find them to be without merit. We therefore **AFFIRM** the September 25, 2017 judgment of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4