23-6933-cr
*United States v. Christian*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

*Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.*

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 19th day of July, two thousand twenty four.

PRESENT:   Gerard E. Lynch,
                    Susan L. Carney,
                    Steven J. Menashi,
                              *Circuit Judges.*

_____

UNITED STATES OF AMERICA,

      *Appellee,*

    v.                                                                      No. 23-6933-cr

DEMONT    CHRISTIAN,    AKA    SEALED
DEFENDANT 1,

      *Defendant-Appellant.*

_____

*For Appellee*:                     William C. Kinder and Daniel H. Wolf, Assistant United States Attorneys, *for* Damian Williams, United States Attorney for the Southern District of New York, New York, NY.

*For Defendant-Appellant*:          Darrell Fields, Federal Defenders of New York, New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Oetken, J.).

Upon due consideration, it is hereby **ORDERED**, **ADJUDGED**, and **DECREED** that the judgment of the district court dated August 10, 2023, is **AFFIRMED**.

On May 3, 2023, Demont Christian pleaded guilty to being a felon in possession of ammunition in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(8), and 2, after he was recorded on security camera footage firing multiple rounds outside a deli in the Bronx. The district court reviewed the footage and, at sentencing, concluded that Christian had used the ammunition in connection with an attempted second-degree murder because he "acted deliberately and with the intent to kill the victim." App'x 109. According to the district court:

> The video shows him waiting for the opportunity when the victim was leaving the area in front of the store, and he aims at him, and fires four times at relatively close range. As the government says, two to four car lengths. I would say my estimate is 20 to 30 feet away when he starts firing, and that is when the victim was walking away from the defendant, and at that point he fires. I think that is relatively close range. It's not point blank range, but it is sufficiently close range for me to infer an intent to kill the victim. I also think it's significant after

2

watching [the video] many times … that … as the man in the red shorts and one of the people he's with sort of diverge as they're crossing the street, and walk toward the foreground of the camera, … the defendant's aim turns a bit to his right. And I believe that indicates that he is aiming for that victim.

*Id*. at 109-10. Given its conclusion that Christian used the ammunition in an attempt to commit second-degree murder, the district court stated that "the cross reference under Section 2K2.1(c) applies," *id*. at 109, and the district court ultimately arrived at a total offense level of 24.[1] Christian's criminal history category was VI, and therefore the guidelines range for his offense was 100-125 months of imprisonment. After calculating the guidelines range, the district court imposed a below-guidelines sentence of 78 months in prison, three years of supervised release, and a special assessment of $100.

Christian appeals his sentence as procedurally unreasonable, arguing that "the evidence … was insufficient to establish that he acted with the intent to kill anyone," so the district court employed "a higher Guidelines range than what should have been used." Appellant's Br. 16. We assume the parties' familiarity with the facts, the procedural history, and the issues on appeal.

**I**

We review the procedural reasonableness of a criminal sentence "under a 'deferential abuse-of-discretion standard.'" *United States v. Cavera*, 550 F.3d 180, 189 (2d Cir. 2008) (quoting *Gall v. United States*, 552 U.S. 38, 41 (2007)). A sentence

---

[1] The cross reference functions as follows. U.S.S.G. § 2K2.1(c)(1)(A) directs that when the firearm or ammunition for a felon-in-possession charge was used "in connection with the commission or attempted commission of another offense," the § 2X1.1 cross reference should apply when calculating the offense level. The cross reference then directs that "[w]hen an attempt … is expressly covered by another offense guideline section, apply that section." U.S.S.G. § 2X1.1(c)(1). Attempted (second-degree) murder is expressly covered by U.S.S.G. § 2A2.1(a)(2), and that section provides a base offense level of 27. The district court reduced the offense level to 24 for acceptance of responsibility.

is procedurally unreasonable if the district court "fails to calculate (or improperly calculates) the Sentencing Guidelines range, treats the Sentencing Guidelines as mandatory, fails to consider the § 3553(a) factors, selects a sentence based on clearly erroneous facts, or fails adequately to explain the chosen sentence." *United States v. Robinson*, 702 F.3d 22, 38 (2d Cir. 2012). The "standard of review for a district court's application of the Guidelines to the specific facts of a case" depends on what we are reviewing. *United States v. Gotti*, 459 F.3d 296, 349 (2d Cir. 2006). We "follow an either/or approach, adopting a *de novo* standard of review when the district court's application determination was primarily legal in nature, and adopting a clear error approach when the determination was primarily factual." *United States v. Helm*, 58 F.4th 75, 88 (2d Cir. 2023) (quoting *Gotti*, 459 F.3d at 349)).

"A district court's factual findings at sentencing need be supported only by a preponderance of the evidence, and such findings may be overturned only if they are clearly erroneous." *United States v. Ryan*, 806 F.3d 691, 694 (2d Cir. 2015). Factual findings are "clearly erroneous only if, after reviewing all of the evidence, this Court is left with a definite and firm conviction that a mistake has been committed." *United States v. Cramer*, 777 F.3d 597, 601 (2d Cir. 2015) (internal quotation marks omitted). In a case in which "there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous." *United States v. Norman*, 776 F.3d 67, 76 (2d Cir. 2015) (quoting *United States v. Abiodun*, 536 F.3d 162, 170 (2d Cir. 2008)).

Second-degree murder is any murder that does not meet the requirements for first-degree murder. *See* 18 U.S.C. § 1111(a)-(b). Attempted murder is an attempt to commit any type of murder and "requires a specific intent to kill." *United States v. Mumuni*, 946 F.3d 97, 108 (2d Cir. 2019) (quoting *United States v. Kwong*, 14 F.3d 189, 194 (2d Cir. 1994)). "[I]t is well-settled that, as a general matter, criminal intent may be proven by circumstantial evidence." *United States v. Nelson*, 277 F.3d 164, 197 (2d Cir. 2002).

4

The district court's finding that "[t]he video shows [Christian] waiting for the opportunity when the victim was leaving the area in front of the store" before "aim[ing] at him, and fir[ing] four times at relatively close range" is supported by the video evidence. App'x 109; *see id.* at 75-82; Exhibits A and B, *United States v. Christian*, No. 22-CR-00706 (S.D.N.Y.), ECF No. 20. The distance between Christian and the man in red shorts was "sufficiently close range for" the district court to "infer an intent to kill the victim." App'x 109; Exhibit B. And the district court did not clearly err in concluding that video evidence showed that "the defendant's aim turns a bit to his right" when the man in the red shorts veers right, which "indicates that he is aiming for that victim." App'x 109-10; Exhibit B. Intent to kill "could easily be inferred" from the videos. *Kwong*, 14 F.3d at 194.

Christian argues that the video footage disproves that he had an intent to kill anyone because he "did not fire any shots when the men, including the man wearing red shorts, were very easy targets [when] they were just milling about outside the Deli, just [a] few feet from Christian." Appellant's Br. 23. But that hardly disproves an intent to kill. The district court reasonably interpreted the video evidence as showing that Christian was "waiting for" the men milling around "to leave, … so that he can shoot them from behind and escape. … [I]f he had just shot when they were like within feet of him, then the other guys could have come after him." App'x 100. Christian also claims that his "failure to give chase or to even wound anyone, suggests that he intended only to frighten, not even to injure, and certainly not to kill." Appellant's Br. 23. But neither the fact that Christian missed his target nor his decision not to continue pursuing the targets compels the conclusion that he did not intend to kill.

To whatever extent the video evidence could be interpreted differently, the factual determinations of the district court were "permissible," and accordingly the district court's "choice" of interpretation "cannot be clearly erroneous."

*Norman*, 776 F.3d at 76. "[A]fter reviewing all of the evidence," we are not "left with the definite and firm conviction" that the district court erred. *Cramer*, 777 F.3d at 601 (internal quotation marks omitted).

*    *    *

We have considered Christian's remaining arguments, which we conclude are without merit. For the foregoing reasons, we affirm the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court