*United States v. Lora*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 10th day of February, two thousand twenty-five.

Present:
        JOHN M. WALKER, JR.,
        PIERRE N. LEVAL
        MICHAEL H. PARK,
            *Circuit Judges.*

---

UNITED STATES OF AMERICA,

        *Appellee,*

    v.                                 23-7682

EFRAIN LORA,

        *Defendant-Appellant.\**

---

| | |
|---|---|
| FOR DEFENDANT-APPELLANT: | DAVID J. WILLIAMS, Gravel & Shea PC, Burlington, VT. |
| FOR APPELLEE: | MEREDITH FOSTER (David J. Robles, Jacob R. Fiddelman, *on the brief*), *for* Damian Williams, United States Attorney for the Southern District of New York, New York, NY. |

---

\* The Clerk of Court is respectfully directed to amend the caption accordingly.

Appeal from a judgment of the United States District Court for the Southern District of New York (Gardephe, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Appellant Efrain Lora received a thirty-year sentence for offenses related to the August 2002 murder of Andrew Balcarran, a rival drug dealer. On appeal, Lora now argues that the district court clearly erred when it found at sentencing that Lora served as the leader of a Bronx drug ring—whose ranks included Oscar Palmer, Luis Lopez, and Luis Trujillo—and ordered the hit on Balcarran. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues on appeal.

"A district court's factual findings at sentencing need be supported only by a preponderance of the evidence, and such findings may be overturned only if they are clearly erroneous." *United States v. Ryan*, 806 F.3d 691, 694 (2d Cir. 2015) (cleaned up). Factual findings are "clearly erroneous only if, after reviewing all of the evidence, this Court is left with a definite and firm conviction that a mistake has been committed." *United States v. Cramer*, 777 F.3d 597, 601 (2d Cir. 2015) (cleaned up). If "there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous." *United States v. Norman*, 776 F.3d 67, 76 (2d Cir. 2015) (cleaned up).

Here, the district court presided over Lora's trial and two related hearings pursuant to *United States v. Fatico*, 579 F.2d 707 (2d Cir. 1978). Over the course of those proceedings, the district court heard evidence establishing that "Lora ordered his underlin[]gs to murder Balcarran."

2

Joint App'x at 47. For example, Dery Caban, one of Balcarran's shooters, testified that Palmer—Lora's "chief lieutenant"—received his drug supply from and paid Lora for the right to sell drugs in the area. *Id*. at 47, 109. Caban also noted that Lopez referred to Lora as the "boss" of the operation. *Id*. at 1042, 1374. After Palmer, Caban, and Trujillo retrieved guns, Lora called Palmer to report Balcarran's location. Upon receiving that call, Palmer, Caban, and Trujillo went directly to the address and killed Balcarran. And according to Caban, Lopez explained that the murder arose from a "turf drug war problem," with Lora aiming to become "the owner" of Balcarran's territory. *Id*. at 1068, 1373.

Other witnesses supplied further support for the district court's findings. For instance, Terrelle Daniel testified that Lora would summon Palmer simply by whistling. And Dorothy Hendricks testified that Balcarran informed her, two weeks before his death, of an "incident" with Lora and Palmer. Joint App'x at 1372.

On appeal, Lora challenges the district court's view of the evidence. He points out that Palmer never alleged that Lora played a role in the decision to murder Balcarran. And he argues that the district court's view is "inconsistent with much of what we know about [Lora's] life before the shooting." Appellant's Reply Br. at 13. But those arguments show at best that there are "two permissible views of the evidence," and "we simply cannot say that the district court's choice between them amounted to clear error." *United States v. Chalarca*, 95 F.3d 239, 244 (2d Cir. 1996).

Lora's due-process claim fares no better. At sentencing, Lora objected to language in the Presentence Report that Lora "directed Trujillo and Lopez to take care of the problem." Joint App'x at 110. The government noted that it had "no objection to striking the specific language"

3

on the condition that "the sentence should still reflect that Lora and his co-conspirators agreed to murder Balcarran as a result of their dispute over drug territory." *Id*. As Lora sees it, that response meant that the government "acknowledged that there was insufficient evidence to prove that [Lora] directed his co-defendants to eliminate Balcarran and admitted that it was a group decision in which the five co-defendants shared equal blame." Appellant's Reply Br. at 3. But the government made no such concession. To the contrary, it maintained that "Lora was a leader of the drug crew who stood to gain the most from Balcarran's murder" and that a reasonable juror "could have found that Lora ordered members of his drug crew to commit the murder." Joint App'x at 109, 110.

A "sentencing court, like a jury, may base its factfinding on circumstantial evidence and on reasonable inferences drawn therefrom." *United States v. Gaskin*, 364 F.3d 438, 464 (2d Cir. 2004). Here, the district court did just that, relying on testimony elicited during three separate proceedings. Because the district court's factual finding does not leave us "with the definite and firm conviction that a mistake has been committed," it must stand. *Cramer*, 777 F.3d at 601 (cleaned up).

\*     \*     \*

We have considered all of Lora's remaining arguments and find them to be without merit. For the foregoing reasons, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

4