*United States v. Colorado-Castillo*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 16th day of April, two thousand twenty-five.

Present:
> DEBRA ANN LIVINGSTON,
> *Chief Judge*,
> RAYMOND J. LOHIER, JR.,
> MYRNA PÉREZ,
> *Circuit Judges*.

---

UNITED STATES OF AMERICA,

   *Appellee*,

  v.             24-1669

ERICK DE JESUS COLORADO-CASTILLO, A/K/A ERICK DEJESUS COLORADO CASTILLO,

   *Defendant-Appellant*.

---

| | |
|---|---|
| For Appellee: | JOSHUA ROTHENBERG, Assistant United States Attorney, *on behalf of* Carla B. Freedman, United States Attorney for the Northern District of New York, Syracuse, NY. |
| For Defendant- Appellant: | MOLLY K. CORBETT, Assistant Federal Public Defender, Office of the Federal Public Defender, Northern District of New York, Albany, NY. |

1

Appeal from a judgment of the United States District Court for the Northern District of New York (Sannes, *C.J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Defendant-Appellant Erick De Jesus Colorado-Castillo ("Colorado-Castillo") appeals from a judgment of the United States District Court for the Northern District of New York (Sannes, *C.J.*), entered on June 20, 2024, upon a guilty plea, sentencing him to a 70-month term of imprisonment and a 3-year term of supervised release for knowingly and intentionally possessing with intent to distribute a controlled substance, in violation of 21 U.S.C. § 841(a)(1). In doing so, the district court denied Colorado-Castillo's request for a minor or mitigating role reduction pursuant to U.S.S.G. § 3B1.2. On appeal, Colorado-Castillo argues that (1) he should have received a minor or mitigating role reduction; and (2) his sentence is substantively unreasonable. Neither argument is availing. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

## I.  Minor/Mitigating Role Adjustment

The crux of Colorado-Castillo's first challenge is that the district court failed adequately to assess Colorado-Castillo's role, relative to his co-conspirators, in the broader drug scheme in which he participated.[1] Appellant's Br. 18. We disagree.

---

[1] Colorado-Castillo also suggests that the district court erred by "rel[ying] on erroneous facts or facts outside the record" but does not elaborate on this argument. Appellant's Br. 18. Accordingly, we consider this argument to be abandoned. *See Norton v. Sam's Club*, 145 F.3d 114, 117 (2d Cir. 1998) ("Issues not sufficiently argued in the briefs are considered waived and normally will not be addressed on appeal."). Moreover, to the extent Colorado-Castillo raises a procedural unreasonableness argument, *see* Appellant's Br. 18 (arguing that the district court "[f]ailed to [p]roperly [e]xplain its [s]entence [d]ecision" when assessing whether Colorado-Castillo was entitled to a minor or mitigating role adjustment), this argument is duplicative of his challenge to the district court's denial of his request for a minor role adjustment.

When a defendant's challenge "go[es] principally to the district court's underlying factual findings regarding the Guidelines' mitigating role adjustment factors, we [apply] the deferential 'clear error' standard."[2] *United States v. Wynn*, 108 F.4th 73, 81 n.4 (2d Cir. 2024) [hereinafter *Wynn II*]. Such is the case here. *See, e.g.*, Appellant's Br. 22–23 (arguing that "[t]he offense conduct and context of the text messages demonstrate [that] Mr. Colorado-Castillo was not in charge, was taking directions from another, was not a trusted member of the scheme, had no knowledge of the potential or standard payment, and was attempting to ingratiate himself or instill confidence in him"). Clear error exists when the court has "the definite and firm conviction that a mistake has been committed." *United States v. Osuba*, 67 F.4th 56, 65 (2d Cir. 2023), *cert. denied*, 144 S. Ct. 577 (2024). "Where there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous." *United States v. Salim*, 549 F.3d 67, 74 (2d Cir. 2008).

"[T]he critical question for a mitigating role reduction" is a defendant's "relative role in th[e] criminal enterprise." *Wynn II*, 108 F.4th at 83. "The district court's determination 'depends upon the nature of the defendant's relationship to other participants, the importance of the defendant's actions to the success of the venture, and the defendant's awareness of the nature and scope of the criminal enterprise.'" *Id.* at 81 (quoting *United States v. Shonubi*, 998 F.2d 84, 90 (2d Cir. 1993)). The commentary to the Guidelines further explains that the application of the mitigating role adjustment is "based on the totality of the circumstances," and sets forth a non-exhaustive list of factors to consider:

---

[2] While the government suggests that Colorado-Castillo may have waived his challenge to the denial of a minor role adjustment, it ultimately "waives [its argument that] Colorado-Castillo[] fail[ed] to preserve" and "asks the Court to review the merits of the district court's decision for clear error, notwithstanding the failure to preserve, potential waiver, and Colorado-Castillo's opening brief not addressing either." Appellee's Br. 21.

(i) the degree to which the defendant understood the scope and structure of the criminal activity;

(ii) the degree to which the defendant participated in planning or organizing the criminal activity;

(iii) the degree to which the defendant exercised decision-making authority or influenced the exercise of decision-making authority;

(iv) the nature and extent of the defendant's participation in the commission of the criminal activity, including the acts the defendant performed and the responsibility and discretion the defendant had in performing those acts;

(v) the degree to which the defendant stood to benefit from the criminal activity.

U.S.S.G. § 3B1.2 cmt. n.3(C).

Here, the district court did inquire into the "critical question for a mitigating role reduction" — i.e., Colorado-Castillo's "relative role in th[e] criminal enterprise." *Wynn II*, 108 F.4th at 83. It determined that Colorado-Castillo "do[es] not appear to be a one-time courier with limited knowledge of the organization." App'x 62. In reaching this conclusion, the court relied on Probation's assessment, and its own assessment, that Colorado-Castillo (1) had a high degree of understanding of the scope of the criminal activity, as evidenced by his text message exchange with his co-conspirator "K"; (2) stood to benefit from the criminal activity, as evidenced by his statement that he was "here to work and go upper all together"; and (3) participated extensively in the commission of the drug activity, as evidenced by his discussion of working 23 days, his attempt to negotiate payment for his work, and his reference to having a potential client in Texas. Even though the court did not discuss the remaining factor (i.e., the degree to which Colorado-Castillo exercised decision-making authority or influenced the exercise of decision-making authority), it was not required to do so. *See United States v. Wynn*, 37 F.4th 63, 68 (2d Cir. 2022) (observing, in the context of considering a mitigating role adjustment, that "a judge need not utter robotic incantations repeating each factor that motivates a sentence" (quotation marks omitted)). And

4

while a different trier of fact may have considered the evidence, including the text message chain, and reached a different conclusion, "[w]here there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous." *Salim*, 549 F.3d at 74.

Accordingly, we conclude that the district court did not clearly err in denying Colorado-Castillo's request for a minor or mitigating role adjustment.

## II.  Substantive Reasonableness

Nor is Colorado-Castillo's sentence substantively unreasonable. "We will vacate a sentence as substantively unreasonable 'only in exceptional cases where the trial court's decision cannot be located within the range of permissible decisions, that is, when sentences are so shockingly high, shockingly low, or otherwise unsupportable as a matter of law that allowing them to stand would damage the administration of justice.'" *United States v. Ortiz*, 100 F.4th 112, 122 (2d Cir. 2024) (quoting *United States v. Aldeen*, 792 F.3d 247, 255 (2d Cir. 2015)). Here, Colorado-Castillo was sentenced principally to a 70-month term of imprisonment, which was at the low end of the Guidelines range of 70 to 87 months. *See* Amended PSR ¶ 55. Given the district court's conclusion that, *inter alia*, Colorado-Castillo was not merely a "one-time courier with limited knowledge of the organization," App'x 62, this sentence is well within the range of permissible decisions, *see United States v. Ryan*, 806 F.3d 691, 695 (2d Cir. 2015) ("[W]hile we have declined to adopt a *per se* rule, we recognize that in the overwhelming majority of cases, a Guidelines sentence will fall comfortably within the broad range of sentences that would be reasonable in the particular circumstances.").

*        *        *

We have considered Colorado-Castillo's remaining arguments and find them to be without

merit.  Accordingly, the judgment of the District Court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk
