23-6853
*United States v. Schmitt*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 1st day of August, two thousand twenty-five.

Present:
> DEBRA ANN LIVINGSTON,
> > *Chief Judge*,
> AMALYA L. KEARSE,
> > *Circuit Judge*,
> J. PAUL OETKEN,
> > *District Judge.* *

_____

UNITED STATES OF AMERICA,

        *Appellee*,

    v.                                                                                   23-6853

MICHAEL SCHMITT,

        *Defendant-Appellant*.

_____

For Appellee:                          MONICA J. RICHARDS, Assistant United States Attorney, *on behalf of* Michael DiGiacomo, United States Attorney for the Western District of New York, Buffalo, NY.

---

* Judge J. Paul Oetken, of the United States District Court for the Southern District of New York, sitting by designation.

1

For Defendant-Appellant: TIMOTHY P. MURPHY, Federal Public Defender's Office, Western District of New York, Buffalo, NY.

Appeal from an amended judgment of the United States District Court for the Western District of New York (Arcara, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the amended judgment of the district court is **AFFIRMED**.

Defendant-Appellant Michael Schmitt ("Schmitt") appeals from an amended judgment of the United States District Court for the Western District of New York (Arcara, *J.*), entered on July 21, 2023.[1] Schmitt pled guilty to possession of child pornography in violation of 18 U.S.C. §§ 2252A(a)(5)(B) and 2252A(b)(2), was sentenced to a term of 78 months' imprisonment, and was ordered to pay restitution to six victims for a total amount of $40,500. On appeal, Schmitt argues that the district court's restitution orders for four victims—known by the pseudonyms Violet, Henley, Jane, and Lily—were not adequately supported by the record.[2] We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

Where, as here, a defendant has been convicted of possession of child pornography, the district court "shall order restitution." 18 U.S.C. § 2259(a); *see also* 18 U.S.C. § 2259(b)(4)(A). Section 2259, as amended by the Amy, Vicky, and Andy Child Pornography Victim Assistance Act of 2018 (the "AVAA"), sets forth the following framework for calculating restitution payments. First, the district court "shall determine the full amount of the victim's losses that were incurred or are reasonably projected to be incurred by the victim as a result of the trafficking

---

[1] Although the notice of appeal states that Schmitt appeals from the judgment and the amended judgment of the district court, an "amended judgment supersedes the original judgment." *United States v. Ryan*, 806 F.3d 691, 692 (2d Cir. 2015).

[2] The district court ordered restitution of $10,000 to Violet, $5,000 to Henley, $10,000 to Jane, and $7,500 to Lily.

in child pornography depicting the victim." 18 U.S.C. § 2259(b)(2)(A).[3] And second, "[a]fter completing th[at] determination . . . , the court shall order restitution in an amount that reflects the defendant's relative role in the causal process that underlies the victim's losses, but which is no less than $3,000." 18 U.S.C. § 2259(b)(2)(B). The AVAA caps a victim's aggregate recovery at the "full amount of the victim's demonstrated losses," such that "[a]fter the victim has received restitution in the full amount of the victim's losses as measured by the greatest amount of such losses found in any case involving that victim that has resulted in a final restitution order under this section, the liability of each defendant who is or has been ordered to pay restitution for such losses to that victim shall be terminated." 18 U.S.C. § 2259(b)(2)(C). The district court must resolve "[a]ny dispute as to the proper amount or type of restitution . . . by the preponderance of the evidence," with the government bearing the "burden of demonstrating the amount of the loss sustained by a victim as a result of the offense." 18 U.S.C. § 3664(e); *see also* 18 U.S.C. § 2259(b)(3).

"We review an order of restitution deferentially, and we will reverse only for abuse of discretion." *United States v. Aumais*, 656 F.3d 147, 151 (2d Cir. 2011) (internal quotation marks omitted). Such abuse occurs if "a challenged ruling rests on an error of law, a clearly erroneous finding of fact, or otherwise cannot be located within the range of permissible decisions." *Id.* (internal quotation marks omitted).

---

[3] "[T]he term 'full amount of the victim's losses' includes any costs incurred, or that are reasonably projected to be incurred in the future, by the victim, as a proximate result of the offenses involving the victim, and in the case of trafficking in child pornography offenses, as a proximate result of all trafficking in child pornography offenses involving the same victim." 18 U.S.C. § 2259(c)(2). These costs include "medical services relating to physical, psychiatric, or psychological care," "physical and occupational therapy or rehabilitation," "necessary transportation, temporary housing, and child care expenses," "lost income," "reasonable attorneys' fees, as well as other costs incurred," and "any other relevant losses incurred by the victim." *Id.*

The district court acted well within its discretion in calculating the four restitution awards at issue in this appeal. First, the district court reasonably estimated the "full amount of [each] victim's losses" and concluded that it exceeded the aggregate restitution payments each victim had received to date. 18 U.S.C. § 2259(b)(2)(A). The district court based its calculations on declarations from the victims' attorneys as well as expert reports from child psychologists, forensic pediatricians, and economists. And it concluded with respect to each victim that the total losses incurred and projected had been substantiated by a preponderance of the evidence. Schmitt contends that several of the victims' reports were outdated, speculative, or otherwise insufficiently reliable. Yet as the Supreme Court emphasized in *Paroline v. United States*, 572 U.S. 434 (2014), district courts enjoy "wide discretion . . . in fashioning restitution orders." *Id.* at 462. And we will not disturb a district court's exercise of that discretion absent "an error of law" or "a clearly erroneous finding of fact." *Aumais*, 656 F.3d at 151. Schmitt has identified no such error here.[4]

Second, the district court did not abuse its discretion in "order[ing] restitution in an amount that reflects [Schmitt's] relative role in the causal process that underlies [each] victim's losses." 18 U.S.C. § 2259(b)(2)(B). At the outset, the restitution awards—ranging from $5,000 to $10,000—were "reasonable and circumscribed," not "severe" or "token or nominal." *Paroline*, 572 U.S. at 458–59. They exceeded the AVAA's restitution floor of $3,000, but not exorbitantly so, considering that Schmitt possessed at least one video (the equivalent of 75 images)[5] of each

---

[4] Schmitt does identify (and the government acknowledges) two apparent discrepancies in the outstanding restitution balance calculations for Violet and Jane. Schmitt does not, however, present any argument that these discrepancies impacted the district court's ultimate restitution orders, where the district court's estimates of Violet's and Jane's total losses significantly exceeded each victim's aggregate restitution payments received to date.

[5] Pursuant to U.S.S.G. § 2G2.2 Application Note 6(B)(ii), the district court assumed that each video equated to 75 images, as the government did not indicate that any video was substantially longer than five minutes.

victim. Moreover, the district court "set [the] award[s] of restitution in consideration of factors" that the Supreme Court identified in *Paroline* as "bear[ing] on the relative causal significance of the defendant's conduct." *Id.* at 460. Specifically, it considered the number of videos Schmitt possessed, the fact Schmitt was not involved in the distribution or production of the videos, and (if known) the number of past offenders. *See id.* And the district court's restitution awards for each victim generally tracked the number of videos Schmitt possessed, with the two larger awards of $10,000 going to victims (Violet and Jane) for which Schmitt possessed multiple videos.

As the Supreme Court emphasized in *Paroline*, a district court's restitution calculation under Section 2259 "cannot be a precise mathematical inquiry." *Id.* at 459. "[P]rescrib[ing] a precise algorithm . . . would unduly constrain the decisionmakers closest to the facts of any given case." *Id.* at 459–60. Calculating restitution, rather, "involves the use of discretion and sound judgment." *Id.* at 459. And the district court reasonably exercised such discretion in this case.

\* \* \*

We have considered Schmitt's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the amended judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

5